UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCO SEPULVEDA, : |  |
|     Plaintiff, : |  |
| : |  |
| v. : | 3:14-cv-00191-WWE |
| : |  |
| STOP & SHOP SUPERMARKET CO LLC, : |  |
|     Defendant. : |  |

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this action, plaintiff Marco Sepulveda alleges that defendant Stop & Shop failed to accommodate his disability in violation of the American with Disabilities Act ("ADA") and Connecticut General Statutes, Sections 46A-60, *et seq*. Defendant has moved for summary judgment on both counts. For the following reasons, defendant's motion will be granted.

### DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of

his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Plaintiff contends that if defendant had reasonably accommodated his mental disability, generalized anxiety disorder with agoraphobia (a subset of panic disorder), plaintiff would have been able to continue performing the essential functions of his job.

Plaintiff asserts that he competently performed his job as an assistant store manager for nearly 9 years between 2000 and 2009.  In October 2008, plaintiff began suffering from anxiety and panic disorder.  Plaintiff's disability made all aspects of his life more difficult.  Between 2008 and October 17, 2011, the date of his termination, plaintiff repeatedly provided notice to defendant of his disability, requesting several reasonable accommodations which would have allowed him to continue to perform the essential functions of his job.  Plaintiff contends that defendant never properly considered his requests for accommodation.

Defendant argues that the applicable statutes of limitations bar plaintiff's claims. Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities on March 7, 2012.  Therefore, any claims that accrued before May 12, 2011 (300 days prior), are untimely.  See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); Conn. Gen. Stat. § 46a-82(f).

Plaintiff made half a dozen requests for accommodation between Thanksgiving 2008 and the holiday season of 2010, but the last request, for transfer to a grocery receiver or grocery department position, occurred at the end of 2010 (prior to May 12, 2011).

The continuing violations doctrine cannot save plaintiff's claims:

> The rejection of a proposed accommodation is a single completed action when taken, quite unlike the "series of separate acts" that constitute a hostile work environment and "collectively constitute" an unlawful employment practice. Although the effect of the employer's rejection continues to be felt by the employee for as long as he remains employed, that continued effect is similar to the continued effect of being denied a promotion or denied a transfer, denials that *Morgan* offered as examples of a discrete act.

Elmenayer v. ABF Freight System, Inc., 318 F.3d 130, 135 (2d Cir. 2003) (interpreting National R.R. Passenger Corp v. Morgan, 536 U.S. 101, 113 (2002)).  Accordingly, defendant's motion for summary judgment will be granted.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [Doc. # 30] is GRANTED.  The Clerk is instructed to close this case.

Dated this 30th day of September, 2015, at Bridgeport, Connecticut.


        /s/Warren W. Eginton
       WARREN W. EGINTON
       SENIOR UNITED STATES DISTRICT JUDGE